IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**HOLLY MCCULLOUGH and AMANDA HARPER, Each Individually and on Behalf of All Others Similarly Situated**　　　　**PLAINTIFFS**

vs.　　　　　　　　　　　　No. 4:19-cv-408

**TOUR 18 GOLF, LLC, and CBIGG MANAGEMENT, LLC**　　　　**DEFENDANTS**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COME NOW Plaintiffs Holly McCullough and Amanda Harper ("Plaintiffs"), each individually and on behalf of all others similarly situated, by and through their attorney Josh Sanford of the Sanford Law Firm, PLLC, and for their Original Complaint—Collective Action against Defendants Tour 18 Golf, LLC, and CBIGG Management, LLC ("Defendants"), they do hereby state and allege as follows:

### I.　　PRELIMINARY STATEMENTS

1.　This is a collective action brought by Plaintiffs, individually and on behalf of all hourly-paid tipped individuals employed by Defendants at any time within a three-year period preceding the filing of this Complaint.

2.　Plaintiffs bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including a reasonable attorney's fee, as a result of Defendants' failure to pay Plaintiffs and other hourly-paid tipped employees

lawful minimum wage and overtime compensation for hours worked in excess of forty (40) hours per week.

3. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA as described, *infra*.

## II. JURISDICTION AND VENUE

4. The United States District Court for the Southern District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Defendants conduct business within the state of Texas, operating as a golf course and event venue.

6. Defendants operate a golf course business located at 3102 FM 1960 Road East, Humble, Texas 77338, which is in the Houston Division of the Southern District of Texas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

7. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

8. Plaintiff Holly McCullough is a resident of Harris County.

9. Plaintiff McCullough is a current employee of Defendants and has worked for Defendants since on or about February of 2016.

10. Plaintiff Amanda Harper a resident of Harris County.

11. Plaintiff Harper is a current employee of Defendants and has worked for Defendants since on or about October of 2016.

12. Defendants are domestic limited liability companies, registered to do business in the State of Texas, with a principal office address of 4400 Palm Royale Boulevard, Sugarland, Texas 77479.

13. Defendant Tour 18 Golf, LLC's ("Defendant Tour 18") website address is https://www.tour18golf.com.

14. Defendant Tour 18 is open to the public and offers a full-service golf shop, golf practice facilities including a driving range and a putting green, and a restaurant called the Scoring Tent Grill, where food and drinks are served year round.

15. Defendant CBIGG Management, LLC's ("Defendant CBIGG") website address is https://www.cbiggmanagement.com.

16. Defendant CBIGG's website states the following: "C-Bons International Golf Group Management, LLC (CBIGG) is a subsidiary of the C-Bons Group, a Chinese conglomerate engaged in the real estate, tourism, personal care products, pharmaceuticals, textile and media industries. CBIGG is based has a United States base in Gilbert, Arizona, with a second office in Sugar Land, Texas, and was formed to acquire golf and related hospitality properties."

17. Defendant CBIGG owns and operates twenty-six (26) private and daily-fee golf courses in nine (9) states, including thirteen (13) courses in Texas.

18. Defendant CBIGG's website includes a page entitled "Join Our Team" that allows prospective employees to view job openings at any of CBIGG's courses and submit a resume through a centralized portal (https://www.cbiggmanagement.com/jobs) and/or email address (jobs@cbonsgolfgroup.com).

19. Defendant CBIGG is the entity that appears on the paychecks for Plaintiffs and other employees.

20. Defendants act jointly as the employer of Plaintiffs and the collective and have been engaged in interstate commerce as that term is defined under the FLSA.

21. Defendants have unified operational control and management, as well as control over employees, including power to supervise, hire and fire, establish wages and wage policies, and set schedules for their employees through unified management.

22. As a result of this unified operation, control and management, through shared employees and ownership with the authority to establish wages and wage policy, Defendants operate as single enterprise.

23. In each of the three calendar years preceding the filing of the Original Complaint, Defendants had two or more employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, such as food, beverages, clothing, golf clubs, and golf accessories.

24. At all relevant times, Defendants' gross volume of sales made or business done has exceeded $500,000.00 per year in each of the three calendar years preceding the filing of the Original Complaint.

25. Each Defendants' registered agent for service of process is Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

## IV. FACTUAL ALLEGATIONS

26. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as if fully set forth in this section.

27. At all times during their employment, Defendants classified Plaintiffs as non-exempt from the overtime requirements of the FLSA.

28. Plaintiff McCullough works as an hourly-paid bartender and special events worker for Defendants.

29. Plaintiff Harper works as an hourly-paid bartender, "cart girl," and special events worker for Defendants.

30. Defendants pay Plaintiffs $4.00 per hour for time worked up to forty (40) hours in a week and $6.00 per hour for time worked over forty (40) hours per week.

31. Defendants pay their hourly-paid workers such as bartenders, servers, and "cart girls/kids" less than the federal minimum wage of $7.25 per hour. Instead of paying the required minimum wage, Defendants purport to take advantage of the tip credit allowed by 29 U.S.C. § 203(m).

32. Defendants do not inform its employees of the provisions of 29 U.S.C. § 203(m).

33. In addition to their hourly pay, Plaintiffs receive tips from customers while working non-special events and "gratuities" when they work parties and special events.

34. Defendants charge a pre-set "gratuity" amount to customers who schedule special events.

35. Defendants pay "gratuity" monies to employees who work the special events, including employees who are customarily considered tipped employees such as bartenders and servers, as well as employees who "do not customarily and regularly receive tips" within the meaning of 29 U.S.C. § 203(m), such as pro shop employees and supervisors.

36. Defendants refuse to provide an accounting to Plaintiffs and other employees as to who is included in the "tip pool" for gratuities, and what percentage of gratuities each employee receives.

37. Some of the employees who are paid funds from the "tip pool" are not employees who customarily and regularly receive tips. As a result, Defendants' "tip pool" does not satisfy the requirements of the FLSA, and Defendants are not eligible to take the tip credit for the time hourly employees spend working special events.

38. As bartenders and servers, Plaintiffs are required to begin work before the restaurant and bar are open to customers and to stay after the venue closes to do work such as setting up, cleaning, changing table linens, vacuuming, and mopping, during which time they are paid an hourly wage less than minimum wage.

39. In addition, for at least one workweek, Defendants failed to include Plaintiffs' tips in the calculation of Plaintiffs' overtime rate for weeks in which Plaintiffs earned tips and worked more than forty hours per week.

40. At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA.

41. Defendants knew, or showed reckless disregard for whether, the way it paid Plaintiffs and other hourly employees violated the FLSA.

## V. REPRESENTATIVE ACTION ALLEGATIONS

42. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as if fully set forth in this section.

43. At all relevant times, Plaintiffs and all others similarly situated have been entitled to the rights, protections, and benefits provided by the FLSA.

44. Plaintiffs bring this action on behalf of themselves and all other similarly situated employees, former and present, who were and/or are affected by Defendants' willful and intentional violation of the FLSA pursuant to 29 U.S.C §§ 207 and 216(b), specifically as follows:

**All employees against whose
wages Defendants took a tip credit.**

45. The relevant time period dates back three years from the date on which this lawsuit was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

46. In conformity with the requirements of FLSA Section 16(b), Plaintiffs will file a written Consent to Join this lawsuit.

47. Plaintiffs and other hourly-paid workers including bartenders, servers, and "cart" employees were classified as hourly employees and paid an hourly rate less than minimum wage.

48. Defendants did not include the tips and gratuities paid to Plaintiffs and other hourly employees in their regular rates when calculating their overtime pay.

49. Defendants violated the FLSA by not including the tips and gratuities of Plaintiffs and other hourly employees in their regular rate when calculating their overtime pay.

50. Defendants' practice of not including the tips of Plaintiffs and other hourly employees in their regular rate when calculating their overtime pay occurred at all of Defendants' properties.

51. The pay practices that violate the FLSA alleged herein were the same at all of Defendants' U.S. locations because the policy was a centralized human resources policy implemented uniformly from a corporate headquarters in Texas.

52. At all relevant times herein, Defendants have deprived Plaintiffs and all others similarly situated of a proper overtime premium for all of the hours they worked in excess of forty (40) hours in a week.

53. Further, Defendants use an unlawful "tip pool" to divide gratuities between employees who are customarily tipped and employees who are not customarily tipped as defined by 29 U.S.C. § 203(m), and as such, are not entitled to claim a "tip credit."

54. At all relevant times, Defendants directly hired members of the Collective Action Class to work in restaurants and bars, paid them wages, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

55. At all relevant times, each member of the Collective Action Class regularly engaged in interstate commerce or handled, sold, or otherwise worked with goods or materials that had been moved in or produced for interstate commerce

56. Plaintiffs brings this FLSA claim on behalf of all hourly-paid individuals employed by Defendants at any time within the three years preceding the filing of the Original Complaint, who were paid tips and gratuities, but whose paid tips and gratuities were not included in their regular rate for purposes of calculating overtime, and who were subject to Defendants' universal practice of arbitrarily assigning gratuity money to employees who worked special functions at Defendants' business.

57. The members of the proposed FLSA Collective are similarly situated in that they share these traits:

A. They were paid hourly rates;

B. They recorded their time in the same manner;

C. They were paid tips and gratuities in addition to their hourly rate;

D. They were subject to Defendants' common practice of not paying a lawful overtime premium for all hours worked over forty (40) hours per work week as described in this Complaint; and

E. They were subject to Defendants' common practice of claiming a "tip credit" when Defendants were operating an unlawful "tip pool" for gratuities for employees who worked during private events.

58. The employment relationships between Defendants and every proposed FLSA Collective member are the same and differ only by name, location, and rate of pay. The key issues do not vary substantially among the proposed FLSA Collective members.

59. Plaintiffs are unable to state the exact number of the potential members of the FLSA Collective, but believes that the group exceeds fifty (50) persons.

60. Defendants can readily identify the members of the Section 16(b) Collective contemplated by this Complaint, including their names, physical addresses, electronic mailing addresses, and telephone numbers.

## VI. FIRST CLAIM FOR RELIEF
**(Individual Claims for Violation of the FLSA)**

61. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as if fully set forth in this section.

62. Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA.

63. At all relevant times, Plaintiffs have been entitled to the rights, protection, and benefits provided by the FLSA.

64. At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

65. At all relevant times, Plaintiffs have been "employees" of Defendants as defined by 29 U.S.C. § 203(e).

66. At all relevant times, Defendants were the "employer" of Plaintiffs within the meaning of the FLSA, 29. U.S.C. § 203(d).

67. 29 U.S.C. § 207 requires any enterprise engaged in commerce to pay all employees one and one-half (1.5) times their regular wage for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

68. Defendants violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including tips and gratuities paid to Plaintiffs in their regular rate when calculating their overtime pay.

69. Despite the entitlement of Plaintiffs to overtime payments under the FLSA, Defendants failed to pay Plaintiffs an overtime rate of one and one-half (1.5) times their regular rate of pay for all hours worked over forty (40) in each one-week period.

70. Defendants' failure to pay Plaintiffs overtime wages owed was willful.

71. Under FLSA regulations, tips are the property of the employee and an employer may not keep tips received by its employees for any purposes, including

allowing managers or supervisors to keep any portion of employees' tips, regardless whether or not the employer has taken a tip credit under 29 U.S.C. § 203(m).

72. Defendants violated Section 531.54 of Title 29 of the Code of Federal Regulations by not informing Plaintiffs of the recipients of the tip pool funds or the amounts to be distributed to each recipient.

73. An employer can only retain an employee's tips in furtherance of a valid tip-pooling arrangement or as a credit towards its minimum wage obligations.

74. Defendants did not have a valid tip-pooling arrangement because they shared gratuity monies with employees who were in managerial roles.

75. Defendants did not have a valid tip-pooling arrangement because they shared gratuity monies with employees who were in supervisory roles.

76. Defendants did not have a valid tip-pooling arrangement because they shared gratuity monies with employees who do not customarily and regularly receive tips.

77. As a result of Defendants' invalid tip-pooling arrangement, Defendants are not eligible to take a tip credit.

78. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

79. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## VII. SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of FLSA)

80. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as if fully set forth in this section.

81. Plaintiffs bring this collective action on behalf of themselves and all other individuals who were subject to the same pay policies as Plaintiffs while employed by Defendants to recover monetary damages owed by Defendants to Plaintiffs and members of the putative collective for unpaid minimum wage and overtime compensation for all the hours they worked in excess of forty (40) each week.

82. Plaintiffs bring this action on behalf of themselves and all other employees against whose hourly wages Defendants claimed a tip credit, former and present, who were and/or are affected by Defendants' willful and intentional violation of the FLSA.

83. At all relevant times, Plaintiffs and all similarly-situated employees have been entitled to the rights, protection, and benefits provided by the FLSA.

84. At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

85. At all relevant times, Plaintiffs and all similarly-situated employees have been "employees" of Defendants as defined by 29 U.S.C. § 203(e).

86. At all relevant times, Defendants were the "employer" of Plaintiffs and all similarly-situated employees within the meaning of the FLSA, 29. U.S.C. § 203(d).

87. 29 U.S.C. § 207 requires any enterprise engaged in commerce to pay all employees one and one-half (1.5) times their regular wage for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

88. Defendants violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including tips and gratuities paid to Plaintiffs and all similarly-situated employees in their regular rate when calculating their overtime pay.

89. In the past three years, Defendants have employed dozens of employees who have worked overtime.

90. Like Plaintiffs, other hourly employees worked more than forty (40) hours in a week.

91. Defendants failed to pay Plaintiffs and the similarly-situated employees at the proper overtime rate for all hours worked in excess of forty (40) hours in a week, despite their entitlement thereto.

92. In the past three years, Defendants have employed dozens of employees for whom a tip credit was taken against their hourly wages.

93. Under FLSA regulations, tips are the property of the employee and an employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless whether or not the employer has taken a tip credit under 29 U.S.C. § 203(m).

94. Defendants violated Section 531.54 of Title 29 of the Code of Federal Regulations by not informing Plaintiffs and all other similarly-situated employees as to the recipients of the tip pool funds or the amounts to be distributed to each recipient.

95. An employer can only retain an employee's tips in furtherance of a valid tip-pooling arrangement or as a credit towards its minimum wage obligations.

96. Defendants did not have a valid tip-pooling arrangement because they shared gratuity monies with employees who were in managerial roles.

97. Defendants did not have a valid tip-pooling arrangement because they shared gratuity monies with employees who were in supervisory roles.

98. Defendants did not have a valid tip-pooling arrangement because they shared gratuity monies with employees who do not customarily and regularly receive tips.

99. As a result of Defendants' invalid tip-pooling arrangement, Defendants are not eligible to take a tip credit.

100. Defendants' conduct and practices, as described above, have been and continue to be willful, intentional, unreasonable, arbitrary, and in bad faith.

101. By reason of the unlawful acts alleged in this Complaint, Defendants are liable to Plaintiffs and all those similarly situated for, and Plaintiffs and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

102. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs and all those similarly situated as provided by the FLSA, Plaintiffs and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

### VIII. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Holly McCullough and Amanda Harper, individually and on behalf of all others similarly situated, respectfully pray as follows:

A. That Defendants be summoned to appear and answer this Complaint;

B. That Defendants be required to account to Plaintiffs, the collective, and the Court for all of the hours worked by them and all monies paid;

C. A declaratory judgment that Defendants' practices alleged herein violate the FLSA and attendant regulations at 29 C.F.R. § 516 *et seq.*;

D. Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

E. Judgment for damages for all unpaid overtime compensation under the FLSA and attendant regulations at 29 C.F.R. § 516 *et seq.*;

F. Judgment for liquidated damages pursuant to the FLSA and attendant regulations at 29 C.F.R. § 516 et seq., in an amount equal to all unpaid minimum wage and overtime compensation;

G. For a reasonable attorney's fee, costs, and pre-judgment interest; and

H. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**HOLLY MCCULLOUGH and AMANDA HARPER, Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

/s/ Josh Sanford
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com