IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**HOLLY MCCULLOUGH and AMANDA**                  **PLAINTIFFS**
**HARPER, Each Individually and on**
**Behalf of All Others Similarly Situated**

vs.                                No. 4:19-cv-408

**TOUR 18 GOLF, LLC, and**                           **DEFENDANTS**
**CBIGG MANAGEMENT, LLC**

## JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT
## AND STIPULATION OF DISMISSAL

Plaintiffs Holly McCullough and Amanda Harper, individually and on behalf of all others similarly situated (collectively Plaintiffs) and Defendants Tour 18 Golf, LLC and CBIGG Management, LLC (collectively Defendants) file this Joint Motion for Approval of FLSA Settlement and Stipulation of Dismissal. The Parties seek approval of a confidential settlement under Section 216(b) of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"). Along with this Motion, the Parties will be filing a Joint Motion for Permission to File Settlement Agreement Under Seal.

This matter does not relate to settlement of a "class action" under Rule 23 The settlement affects only the individuals who are a party to this litigation and the attached agreement, either as named Parties or Opt-in Plaintiffs who filed a Consent to Join Collective Action, agreeing to be bound by any settlement of this case. The settlement does not affect the rights of any non-Parties. Furthermore, all outstanding issues in controversy in this case have been resolved and the case should be dismissed. A proposed order dismissing the case is attached as Exhibit A.

Page 1 of 7
*Holly McCullough, et al. v. Tour 18 Golf, LLC, et al.*
U.S.D.C. (S.D. Tex.) No. 4:19-cv-408
**Joint Motion for Approval of FLSA Settlement and Stipulation of Dismissal**

## LEGAL STANDARD

When reviewing a proposed FLSA settlement, the district court must "scrutiniz[e] the settlement for fairness" and decide whether the proposed settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1353-55 (11th Cir. 1982). The endorsement of a proposed FLSA settlement by counsel for both Parties is a "factor that weighs in favor of approval" of an FLSA settlement agreement because "counsel for each side possess[es] the unique ability to assess the potential risks and rewards of litigation." *Quintanella v. A&R Demolition, Inc.*, 2008 U.S. Dist. LEXIS 37449, at *14 (S.D. Tex. May 7, 2008). Settlements in the context of litigation, where there are bona fide issues in dispute and where employees are represented by "an attorney who can protect their rights under the statute" are to be approved by district courts "in order to promote the policy of encouraging settlement of litigation." *Lynn Foods*, 679 F.2d at 1354. While the Parties have different views of the merits of this case, the Parties agree the settlement is fair, reasonable and represents a reasonable compromise of the disputed issues in this case.

## FACTUAL BACKGROUND

On February 6, 2019, Plaintiffs filed a collective action complaint on behalf of hourly-paid tipped employees of Defendants, seeking unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* (Doc. No. 1). On April 2, 2019, Plaintiffs filed a Motion for Conditional Certification of Collection Action (Doc. No. 11) and a Motion for Approval and Distribution of Notice and For Disclosure of Contact Information (Doc. No 12)**.** By Agreed Order on May 1, 2019 (Doc. No. 15), the Court conditionally certified the collective and ordered Defendants to produce a class list and Plaintiffs to send notice.

**Page 2 of 7**
*Holly McCullough, et al. v. Tour 18 Golf, LLC, et al.*
U.S.D.C. (S.D. Tex.) No. 4:19-cv-408
**Joint Motion for Approval of FLSA Settlement and Stipulation of Dismissal**

Notice was issued to the collective and the 90-day opt-in period closed on August 19, 2019. Six plaintiffs opted in to this lawsuit ("Opt-in Plaintiffs") for a total of eight plaintiffs, including the named Plaintiffs. Following the opt-in period, Defendants voluntarily produced Plaintiffs' pay and time records. Analysis of these records revealed that of Plaintiffs' claims, approximately 95% of Plaintiffs' claimed damages were based upon Plaintiffs' claim that they had not received proper notice of the tip credit rules. Additionally, the information further revealed that three individuals who had opted in had claims under $1,000.00.

Defendants denied Plaintiffs' allegations. Defendants denied that Plaintiffs had not been properly provided information regarding the use of the tip credit by Defendants. Defendants also denied that they had willfully violated the Fair Labor Standards Act. Defendants asserted that the two-year statute of limitations applied.

Following a period of negotiation, the Parties reached an agreement to settle the matter and entered into a Settlement Agreement. The settlement was reached as a result of arm lengths negotiations, conducted by experienced counsel. The Parties feel that the terms of the settlement are fair, reasonable, and appropriate to all the Parties involved given the allegations in this lawsuit. The Parties have finalized those details and now submit the confidential Settlement Agreement to the Court for *in camera* review and approval. Further, the Parties request that the Court dismiss this case with prejudice.

## SETTLEMENT IS FAIR AND REASONABLE

A. The Facts and Law Are in Dispute

The Parties' settlement is fair and reasonable because significant uncertainty exists in this case with respect to the facts and the legal standards at issue. Plaintiffs claim they and Opt-in

Page 3 of 7
*Holly McCullough, et al. v. Tour 18 Golf, LLC, et al.*
U.S.D.C. (S.D. Tex.) No. 4:19-cv-408
**Joint Motion for Approval of FLSA Settlement and Stipulation of Dismissal**

Plaintiffs were not paid a proper overtime rate and that they did not received proper notice of the tip credit rules. Defendants denied these allegations and asserted that Plaintiffs were paid properly.

      B.      <u>Calculation of the Settlement Amount</u>

Due to the conflicting factual allegations and differing views on the applicable law, the Parties have agreed that the amounts reflected in the Settlement Agreement are in the best interest of the Parties. In particular, the Settlement Agreement allows Plaintiffs and Opt-in Plaintiffs in the Agreement to recover their alleged unpaid overtime wages. The settlement allows the Parties to resolve the claims at issue without the necessity or delay of trial and possible appeals. In exchange for these payments, Plaintiffs and Opt-in Plaintiffs release Defendants from any and all claims they may have against Defendants which were asserted in the action or related to the action, including claims for overtime, liquidated damages, costs, interest, and attorneys' fees.

      C.      <u>Attorneys' Fees are Reasonable</u>

Additionally, the amount designated in the settlement agreement for attorneys' fees is reasonable and fair. The FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b). Courts value the private settlement of attorneys' fees because it prevents unnecessary litigation. *Barbee v. Big River Steel, LLC*, 927 F.3d 1027, 1027 (8th Cir. 2019). A stipulated agreement of attorney fees in private settlement is afforded more deference than in a disputed case. See *Melgar v. OK Foods, Inc.*, 902 F.3d 775, 778–80 (8th Cir. 2018) ("where the Parties have already agreed upon the fees to be paid, any required review need not be a line-by-line, hour-by-hour review of the attorneys' fees."). Attorneys representing Plaintiffs incurred substantial case costs and fees litigating this case, including investigating the

**Page 4 of 7**
*Holly McCullough, et al. v. Tour 18 Golf, LLC, et al.*
**U.S.D.C. (S.D. Tex.) No. 4:19-cv-408**
**Joint Motion for Approval of FLSA Settlement and Stipulation of Dismissal**

claims, securing a collective action class, sending collective action notice, analyzing records, coordinating discussions with the Plaintiffs, negotiating a settlement, and performing other work. Plaintiffs' counsel have achieved a settlement that compensates Plaintiffs and Opt-in Plaintiffs for overtime wages and liquidated damages. Under Defendants' theory, Plaintiffs would not be entitled to damages. Plaintiffs' counsel's work provided a significant benefit to Plaintiffs. The agreed upon costs and fees are reasonable.

      D.      <u>The Court Should Dismiss the Case</u>

If the Court approves the Settlement Agreement, it should also dismiss the case. The Parties agree that the Settlement Agreement resolves all claims and damages asserted by Plaintiffs on behalf of themselves and Opt-in Plaintiffs in the lawsuit. Consequently, the Parties respectfully request that the Court enter an order dismissing this case with prejudice.

## **<u>CONCLUSION</u>**

The terms of the settlement have been approved by named Plaintiffs, their counsel, Defendants, and Defendants' counsel. The settlement was negotiated at arms' length, with both sides ably represented by counsel. The Parties entered into the Settlement Agreement voluntarily and knowingly. The Parties agree that the terms of the Settlement Agreement are reasonable, fair and just, and they settle all claims in this lawsuit. The Parties agree that the Settlement Agreement resolves all potential liability and damages to the Plaintiffs. For the foregoing reasons, the Parties respectfully request that the Court enter an order approving their settlement agreement and dismissing the case. A proposed order is attached for the Court's consideration.

**Page 5 of 7**
*Holly McCullough, et al. v. Tour 18 Golf, LLC, et al.*
**U.S.D.C. (S.D. Tex.) No. 4:19-cv-408**
**Joint Motion for Approval of FLSA Settlement and Stipulation of Dismissal**

Respectfully submitted,

**HOLLY MCCULLOUGH and AMANDA HARPER, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Merideth Q. McEntire
Tex. Bar No. 24105123
merideth@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com

and **TOUR 18 GOLF, LLC, and CBIGG MANAGEMENT, LLC, DEFENDANTS**

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
112 East Pecan Street, Suite 2700
San Antonio, Texas 78205
Telephone: (210) 354-1300
Facsimile: (210) 277-2702

*/s/ Lawrence D. Smith*
Lawrence D. Smith
Tex. Bar No. 18638800
larry.smith@ogletreedeakins.com

**Page 6 of 7**
*Holly McCullough, et al. v. Tour 18 Golf, LLC, et al.*
**U.S.D.C. (S.D. Tex.) No. 4:19-cv-408**
**Joint Motion for Approval of FLSA Settlement and Stipulation of Dismissal**

## CERTIFICATE OF SERVICE

  I, the undersigned counsel, do hereby certify that on the date imprinted by the CM/ECF system, a copy of the foregoing Joint Motion was filed via the CM/ECF system, which will provide notice to the following attorneys of record:

 Lawrence D. Smith, Esq.
 larry.smith@ogletreedeakins.com

            */s/ Josh Sanford*_____
            **Josh Sanford**

**Page 7 of 7**
*Holly McCullough, et al. v. Tour 18 Golf, LLC, et al.*
**U.S.D.C. (S.D. Tex.) No. 4:19-cv-408**
**Joint Motion for Approval of FLSA Settlement and Stipulation of Dismissal**